

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. George F. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-7283

Re: Refund of money now on deposit
in the Departmental Suspense
Fund of the State Board of
Hairdressers and Cosmetologists.

We are in receipt of your letter of recent date requesting an opinion from this department on the above subject matter.
We quote from said request as follows:

"I have been asked by the State Board of Hairdressers and Cosmetologists to make a refund of money now on deposit in the Departmental Suspense Fund for the following reasons:

"1. Applied for a non-resident license while her husband was stationed in Texas. When he was transferred to another State she requested a refund of the amount of license. She was not issued a Texas license.

"2. Came to this State for her health and applied for a non-resident license. She has left the State and does not desire a Texas License.

"3. Applied for a license prior to the effective license date. The shop was closed and unoperated during the life of the requested license.

"4. Purchased shop and applied for license. The sale of the shop failed to be completed.

"Please advise as to whether or not I may legally make these requested refunds."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. George ". Sheppard - Page 2

It is apparent from the foregoing facts that a license was never, in fact, issued to the applicants in the four instances set out in your request. This being true, we believe the following rules stated in our Opinion No. O-801 are applicable to your present request. We quote the following from said opinion:

"The above cited act "(Art. 734b, P.C.) is regulatory, based upon the state police power to safeguard the public health and the fees provided are license fees and not in the nature of an occupation tax. Gerard vs. Smith (T. C. A. 1932) 52 S.W. (2nd) 347; Hurt vs. Cooper (Sup. Ct. 1937) 110 S.W. (2nd) 896.

"We call attention to Section 14 which provides for the payment of both an examination and a license fee by applicants for an operator's license or certificate. Section 17 provides that an application for a certificate to conduct a beauty parlor shall be accompanied with a $10.00 payment. This payment is not designated by the statute as an inspection fee or examination fee, and we think it was the intention of the Legislature that the $10.00 payment required should be for the certificate or license issued. Since the payment is for the certificate, until the certificate is granted, no consideration has been received therefor, and the state would not be entitled to retain the money upon rejection of the application.

"The same considerations apply to the annual payments which in various sections of the act are called 'renewal fees', 'annual license fees' and 'annual registration fees.'" (*Parenthesis ours)

Since the licenses in the instances here have never been issued, and in view of the foregoing, you are respectfully advised that it is the opinion of this department that you are authorized to issue warrants on the Suspense Fund of the State Board of Hairdressers and Cosmetologists for refund of each of the items listed by you.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Jack K. Ayer
Jack K. Ayer
Assistant

By John Reeves
John Reeves

JR:djm

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN